UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANKIT PATEL,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-07612-DC-CSK (HC)<br><br><u>ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

On September 18, 2026, Petitioner filed the pending habeas petition and motion for a temporary restraining order alleging that his arrest by immigration authorities on June 13, 2026, violated his statutory rights under the Immigration and Nationality Act and constitutional rights under the Fifth Amendment Due Process Clause. (Doc. No. 1 at 9–10.) Specifically, Petitioner alleges that Respondents violated his constitutional rights by detaining him without pre-deprivation process despite his extended presence in the United States, and they violated his statutory rights by detaining him under 8 U.S.C. § 1226(a) without notice, a warrant, or any pre-deprivation process. (*Id.*)

On September 23, 2026, Respondents filed their omnibus opposition to Petitioner's

motion for a temporary restraining order and habeas petition arguing that Petitioner's detention is lawful under 8 U.S.C. § 1226(c) due to his 2026 convictions for alien smuggling in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i) and 1324(a)(2)(B). (Doc. No. 6 at 2.) Respondents attach Petitioner's criminal judgment supporting these convictions. (Doc. No. 6-2.)

On October 5, 2026, Petitioner filed a reply emphasizing that he has already completed his sentence for his criminal convictions, and that he is rededicated to a stable life in the United States. (Doc. No. 7 at 2.) Petitioner additionally argues that he has a credible fear of removal to his native India. (*Id.* at 2–3.)

As to Petitioner's statutory claim, noncitizens who have been convicted of an aggravated felony are subject to mandatory detention pending removal proceedings. 8 U.S.C. §§ 1226(c)(1)(B), 1227(a)(2)(A)(iii). The Immigration and Nationality Act classifies a conviction for alien smuggling under § 1324(a) as an aggravated felony. 8 U.S.C. § 1101(a)(43)(N). Petitioner does not dispute his conviction for alien smuggling nor argue that Respondents misclassify his detention as being under § 1226(c). To the extent Petitioner disputes his mandatory detention under that statute, he may do so before an immigration judge at a *Joseph* hearing. *See Jennings v. Rodriguez*, 538 U.S. 281, 289 (2018) ("Anyone who believes that he is not covered by § 1226(c) may ask for what is known as a '*Joseph* hearing'" in immigration court at which "that person may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention") (citation modified). Thus, the court agrees with Respondents that Petitioner is properly subject to mandatory detention under 8 U.S.C. § 1226(c), not discretionary detention under 8 U.S.C. § 1226(a) as Petitioner alleges in his petition.

As to Petitioner's due process claim, the Supreme Court has found that mandatory detention under § 1226(c) passes constitutional muster. *See Demore v. Kim*, 538 U.S. 510 (2003). Further, Petitioner's claim does not present the same constitutional concerns that this court has previously found entitles noncitizens detained under § 1226(c) to habeas relief. For example, this court has previously found that procedural due process entitles a noncitizen subjected to prolonged detention under § 1226(c) to a bond hearing at which the government must justify the

noncitizen's continued detention. *See, e.g., Garcia v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-01386-DC-AC, 2026 WL 981170 at *5 (E.D. Cal. Apr. 13, 2026) (ordering bond hearing for noncitizen detained under § 1226(c) where he had not received a bond hearing in over two years). Here, however, Petitioner has been detained for approximately five months and does not contend that his detention has grown unconstitutionally prolonged. This court has also found that due process does not permit the government to detain a noncitizen under § 1226(c) without "formally charging the noncitizen with an inadmissibility [or deportability] section that corresponds with the purported grounds for mandatory detention, or otherwise timely providing the noncitizen with notice of the circumstances of and basis for their mandatory detention and an opportunity to challenge it." *Baires Benitez v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03780-DC-SCR, Doc. No. 19 (E.D. Cal. Nov. 20, 2026). Here too, however, Petitioner's amended notice to appear charges Petitioner as inadmissible under § 1227(a)(2)(A)(iii) due to his conviction for alien smuggling. (Doc. No. 6-1 at 9.) Thus, the court finds that Petitioner's mandatory detention under § 1226(c) does not violate his Fifth Amendment right to due process.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are DENIED;
2. The Clerk of the Court is directed to enter judgment in favor of Respondents and close this case.

IT IS SO ORDERED.

Dated: **November 25, 2026**

Dena Coggins
United States District Judge